# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**,<br><br>Plaintiff,<br><br>v.<br><br>**BENJAMIN WRIGHT,**<br><br>Defendant. | Case No. 7:03-CR-21 (HL) |

## ORDER

Before the Court is Petitioner's Motion for Relief from Judgment under Rule 60(b) (Doc. 170). This Motion asks for relief from a judgment entered by this Court on January 10, 2006, in which the Court adopted the recommendation of the Magistrate Judge denying Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct his Sentence (Doc. 74). The Motion is denied.

Rule 60(b) provides grounds for relief from a final judgment, order, or proceeding. Henderson v. Secretary, Florida Dept. of Corrections, 411 Fed. Appx. 629, 630 (11th Cir. 2011). To earn relief from judgment under Rule 60(b), the moving party must show that absent reopening the judgment, "extreme" and "unexpected" hardship will result. United States v. Swift & Co., 286 U.S. 106, 119, 52 S.Ct. 6460 (1932). The justification for granting relief must be "so compelling that the court [is] 'required' to vacate its order." Montero v. Potter, 174

Fed. Appx. 489, 490 (11th Cir. 2006) (citing Rice v. Ford Motor Co., 88 F.3d 914, 919 (11th Cir. 1996)).

In this case, Petitioner seeks relief under Rules 60(b)(4) and 60(b)(5). 60(b)(4) provides that the court may relieve a party from a final judgment if "the judgment is void." FED. R. CIV. P. 60(b)(4). Rule 60(b)(5) provides that a final judgment may be relieved if "the judgment has been satisfied, released or discharged." FED. R. CIV. P. 60(b)(5). However, to seek relief under these provisions, Rule 60 provides that the motion must be made "within a reasonable time." FED. R. CIV. P. 60(c)(1). The Rule does not give any specific time frame for provisions 60(b)(4) or 60(b)(5), but the Rule does state that for provisions 60(b)(1), (b)(2), or (b)(3), the motion must be filed "no more than a year after the entry of the judgment." FED. R. CIV. P. 60(c)(1).

In this case, Petitioner filed his Motion under 60(b) approximately four years after the entry of judgment. This cannot be considered to be "within a reasonable time" after the entry of judgment. Therefore, his Rule 60(b) motion is untimely and improper for the Court's consideration.

Petitioner has also filed a Motion for Leave to Supplement his Rule 60(b) Motion (Doc. 177) and a Motion for the Appointment of Counsel for purposes of litigating his Rule 60(b) Motion (Doc. 180). Because his Rule 60(b) Motion is denied, these accompanying Motions are deemed moot.

**SO ORDERED**, this 11th day of February, 2013.

             ***s/ Hugh Lawson***
             HUGH LAWSON, SENIOR JUDGE

ebr